# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| DONNA L. THORN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:13-cv-00215 |
| MEGAN BRENNAN, | ) ) ) | JUDGE CRENSHAW |
| Defendant. | ) | |

## ORDER

Plaintiff Donna Thorn filed this action against Defendant Megan Brennan, in her official capacity as Postmaster General, alleging that Defendant discriminated and retaliated against her in violation of The Rehabilitation Act of 1973, The Americans With Disabilities Act, and Titile VII of the Civil Rights Act of 1964. (Doc. No. 1.) Before the Court is Defendant's unopposed motion for summary judgment. (Doc. No. 83.) For the following reasons, Defendant's motion for summary judgment is **GRANTED**.

In the initial case management order, the court set December 1, 2014, as the dispositive motions deadline in this case. (Doc. No. 33 at 6.) Any response to a dispositive motion "shall be filed" by January 2, 2015, and any reply shall be filed by January 16, 2015. (Id.) On May 13, 2016, Defendant filed its motion for summary judgment. (Doc. No. 19.) The court continued those deadlines multiple times. (Docs. No. 40, 50, 51.)

On June 6, 2016, the Court held a status conference in this case. (Doc. No. 71.) At the status conference, the parties agreed to a discovery deadline of June 27, 2016, and a dispositive motion deadline of July 5, 2016. (Doc. No. 71.) After the status conference, there were numerous discovery disputes—despite this case being pending for three years—and the discovery and

dispositive motion deadlines were both continued. (Docs. No. 75, 77, 78, 80, 82.) In the final ruling from the Court, it stated that "the trial and pretrial conference dates will not be moved, and replies to the dispositive motions deadline will be due on or before August 26, 2016." (Doc. No. 77 at 2.) In light of the Court's ruling, the Magistrate Judge set the dispositive motions deadline to July 29, 2016, with responses due on or before August 19, 2016, and replies due August 26, 2016.

On July 29, 2016, Defendant filed a timely motion for summary judgment. (Doc. No. 83.) Plaintiff did not file a timely response to the motion, even after the Court gave him additional time. (Doc. No. 92.)

"Failure to file a timely response shall indicate that there is no opposition to the motion." Local Rule 7.01(b). Pursuant to Local Rule 56.01(g), because Plaintiff failed to respond to Defendant's statement of material facts, those facts are deemed undisputed. Taking Defendant's facts as undisputed (Doc. No. 87), the Court has made an independent review of the record and determines that there is no dispute of a material fact in this case. FED. R. CIV. P. 56. Therefore, Defendant's motion for summary judgment (Doc. No. 83) is **GRANTED**. The complaint is **DISMISSED WITH PREJUDICE**.

The September 27, 2016 trial and September 19, 2016 pretrial conference are **CANCELLED**.

This is the final order in this case. The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE