# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| DONNA L. THORN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:13-cv-00215 |
| | ) | JUDGE CRENSHAW |
| MEGAN BRENNAN, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Despite a fourth bite at the apple, Plaintiff Donna Thorn failed to file a timely response to Defendant Megan Brennan's motion for summary judgment. The Court had already extended discovery deadlines that counsel previously agreed would work because Thorn did not comply with the discovery rules. (Doc. No. 75.) After Thorn did not comply with the Court's order requiring her to complete her deposition that week, the Court again extended the discovery deadline. (Doc. No. 77.) Thorn then left town on the day Brennan gave notice of her deposition—during the week she had agreed to finish her deposition—forcing the Court to extend the discovery deadline once again. (Doc. No. 82.) After Brennan filed a timely motion for summary judgment, Thorn did not file a timely response. (Doc. No. 91.) Instead, five days after her response was due, she filed a motion to extend time to respond that did not contain any good cause. (Doc. No. 91.) The Court once again granted Thorn's motion, giving her until noon on August 25, 2016, at noon, to file her response. (Doc. No. 92.) Thorn once again failed to comply with the Court's order and did not file her response to the motion for summary judgment in a timely manner. (Doc. No. 95.) After a de novo review of the record, the Court granted Brennan's motion as unopposed. (Id.) Now, Thorn moves to set aside the judgment in this case, pursuant to Federal Rules of Civil

Procedure 59(a)(1) and 60(b), because her attorney experienced computer problems in filing her response, causing it to be late. Rule 59(a)(1) does not apply to this case because the Court did not conduct a trial. FED. R. CIV. P. 59(a)(1) (discussing grounds for a new trial after a jury trial). Brennan responded to Thorn's motion under Rule 60, claiming she lacks excusable neglect. (Doc. No. 102.)

Under Rule 60(b)(1), the court may relieve a party or a party's legal representative from final judgment, order, or proceeding if the plaintiff can prove: (1) mistake, inadvertence, surprise, or excusable neglect; and (2) that she had a meritorious defense. Burnley v. Bosch Americas Corp., 75 Fed. Appx. 329, 332 (6th Cir. 2003) (quoting Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir. 1980)). Here, based on the entire history of this case's litigation, the Court finds that Thorn's counsel's alleged-computer problems at the time her response was to be filed does not constitute excusable neglect. First, the Court does not find Thorn's counsel's allegations of computer problems credible given the history of the case. Second, even if Thorn's counsel had computer problems, he should not have waited until the last second before attempting to file the response, especially after the leniency that the Court has afforded him to this point and the constant warnings that his case could be dismissed for failure to file a timely response. Finally, if Thorn's counsel experienced computer problems, he should have contacted the Court to explain his problems rather than—once again—failing to file a timely response.

Thorn's motion is **DENIED**.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE